# United States Court of Appeals
## FIFTH CIRCUIT
## OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK OF COURT**

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

February 16, 2023

The Honorable Elizabeth Barchas Prelogar
The Solicitor General
Room 5616
Department of Justice
950 Pennsylvania Avenue, N. W.
Washington, DC 20530-0001

Re: Case No. 22-50834, United States of America v. Jose Quiroz

Dear Madam Solicitor General:

  This case was argued February 8, 2023. Given the significance of the issues, the panel requests supplemental briefing from the Solicitor General.

  The Supreme Court said in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111, 2129-30 (2022) :

> We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

The panel requests supplemental briefing with regard to both steps of the foregoing analysis.

  Without limiting or prescribing the scope or content of supplemental briefing, the panel's questions include (but again, are not limited to) the following:

1) Was there a colonial, state, federal or common-law analogue to 18 U.S.C. § 922(n) at any of the relevant historical time periods?

2) Was there a colonial, state, federal or common-law analogue to 18 U.S.C. § 3142(c)(1)(B)(viii) (part of the Bail Reform Act of 1984) at any of the relevant historical time periods?

3) During the relevant historical time periods, did colonial, state or federal courts, in actual practice, impose restrictions on receiving or obtaining or possessing a firearm while a defendant accused of a felony or serious crime was released pending trial or adjudication? If so, in what types of cases were such restrictions imposed and in what circumstances.

4) The Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008), said:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

A footnote accompanying that text said, "We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive." *Id.* n.26.

During the relevant historical time periods, did laws permit or require conditions or qualifications on the sale or transfer of a firearm to a defendant accused of a felony or serious crime while he or she was released pending trial or adjudication?

5) In both *Heller* and *Bruen*, the Supreme Court instructs parties to compile historical precedents germane to firearms restrictions. Is this analysis best conceptualized as a question of law or as a question of fact? If the latter, or a mixed question of law and fact, is an analysis that was not presented to a district court appropriately considered in the first instance by courts of review, perhaps through material identified by amici, or could FED. R. APP. P. 10 be used to supplement the record as necessary?

Date: February 16, 2023
Subject: Case No. 22-50834, USA v. Quiroz
Page: 3

      The panel respectfully requests that if supplemental briefing is submitted by the Solicitor General, it be filed on or before March 10, 2023. Mr. Quiroz will have an opportunity to respond.

                                      Sincerely,

                                      *Lyle W. Cayce*

                                      Lyle W. Cayce
                                      Clerk of Court

cc: Mr. Charles E. Fowler, Jr.
    Ms. Maureen Scott Franco
    Mr. Joseph H. Gay, Jr.
    Mr. Scott Greenbaum
    Mr. Timothy Shepherd
    Mr. David H. Thompson