# FEDERAL PUBLIC DEFENDER
## WESTERN DISTRICT OF TEXAS

**MAUREEN SCOTT FRANCO**
FEDERAL PUBLIC DEFENDER

JUDY F. MADEWELL
FIRST ASSISTANT

———

CHRISTOPHER J. CARLIN | *ALPINE*
HORATIO R. ALDREDGE | *AUSTIN*
JOSEPH A. CORDOVA | *DEL RIO*
BIANCA ROCHA DEL RIO | *DEL RIO*
REGINALDO TREJO, JR. | *EL PASO*
EDGAR HOLGUIN | *EL PASO*
ANTHONY J. COLTON | *MIDLAND*
KRISTIN M. KIMMELMAN | *SAN ANTONIO*
LEWIS B. GAINOR | *WACO*
SUPERVISORY ASSISTANTS

FEDERAL BUILDING • HEMISFAIR PARK
727 E. CÉSAR E. CHÁVEZ BOULEVARD, SUITE B-207
SAN ANTONIO, TEXAS 78206-1278

TELEPHONE
(210) 472-6700

TOLL FREE
(855) 867-3570

FACSIMILE
(210) 472-4454

———

ALPINE
AUSTIN
DEL RIO
EL PASO
MIDLAND
PECOS
WACO

June 8, 2023

Mr. Lyle W. Cayce
Clerk, United States Court of Appeals
  for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re:   *United States v. Jose Gomez Quiroz*, Appeal No. 22-50834
       Defendant-Appellee's Rule 28(j) Letter

Dear Mr. Cayce:

The Government's defense here of 18 U.S.C. § 922(n)'s indictee firearm restriction relies heavily on the Third Circuit's panel opinion in *Range v. Attorney General*, 53 F.4th 262 (3d Cir. 2022)—which was vacated when that court granted rehearing en banc, a month before oral argument in this case. *See* Gov't Br. 19, 20, 22–23, 25, 31, 37–38, 40; Gov't Reply 4, 17. The en banc Third Circuit's opinion has now issued: No. 21-2835, 2023 WL 3833404 (3d Cir. June 6, 2023). It rejects the panel's opinion and the arguments the Government pushes here.

Applying the framework mandated by *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), *Range* holds that 18 U.S.C. § 922(g)(1), which bars felons from possessing firearms, violates the Second Amendment as applied to certain offenders.

On *Bruen*'s first step, *Range* roundly rejects the Government's argument, advanced here too, that "the people" protected by the Second Amendment includes only "law-abiding, responsible citizens." *Compare* 2023 WL 3833404, at *3–5, *with* Gov't Br. 18–25. The court's reasoning mirrors Quiroz's arguments. *See* Quiroz Br. 15–20.

On *Bruen*'s second step, *Range* also rejects much of the historical evidence the Government relies on here. *See* 2023 WL 3833404, at *5–8. *Range* holds that laws disarming groups of purportedly dangerous or unvirtuous people are "far too broad" an analogy for § 922(g)(1). *Compare id.* at *6, *with* Gov't Br. 35–42; Gov't Reply 17–18. *Range* also discredits reliance on pre-*Bruen* caselaw and references to so-called "longstanding prohibitions" that are unsupported by historical evidence. *Compare* 2023 WL 3833404, at *5–7, *with* Gov't Br. 19, 23–25. Here, the Government also argues that the historical power to detain certain indictees pretrial necessarily supports the power to impair any indictee's firearm rights. Gov't Br. 29–34; Gov't Supp. Br. 7–11. *Range* rejects a similar comparison to the historical use of capital punishment for felons, explaining that the greater power to execute certain people does not imply the lesser power to disarm. 2023 WL 3833404, at *6–7.

        Respectfully Submitted,

        MAUREEN SCOTT FRANCO
        Federal Public Defender


        /s/ Timothy M. Shepherd
        TIMOTHY M. SHEPHERD
        Assistant Federal Public Defender

cc:    AUSAs Charles E. Fowler, Jr. and Joseph H. Gay, Jr.,
       U.S. Attorney's Office
       Western District of Texas
       601 N.W. Loop 410, Suite 600
       San Antonio, Texas 78216