# FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF TEXAS

**MAUREEN SCOTT FRANCO**
FEDERAL PUBLIC DEFENDER

HORATIO R. ALDREDGE
CHRISTOPHER J. CARLIN
ANTHONY J. COLTON
JOSEPH CORDOVA
LEWIS GAINOR
EDGAR H. HOLGUIN
JUDY F. MADEWELL
BIANCA ROCHA DEL RIO
REGINALDO TREJO, JR.
SUPERVISORY ASSISTANTS

FEDERAL BUILDING • HEMISFAIR PARK
727 E. CÉSAR E. CHÁVEZ BOULEVARD, SUITE B-207
SAN ANTONIO, TEXAS 78206-1278

TELEPHONE
(210) 472-6700
TOLL FREE
(855) 867-3570
FACSIMILE
(210) 472-4454

ALPINE
AUSTIN
DEL RIO
EL PASO
MIDLAND/ODESSA
PECOS
WACO

June 16, 2023

Mr. Lyle W. Cayce, Clerk of the Court
United States Court of Appeals, Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re:   *United States v. Jose Gomez Quiroz*, Appeal No. 22-50834
      Quiroz's Response to Government's Rule 28(j) Letter

Dear Mr. Cayce:

The Government asserts that this Court should follow the reasoning in *United States v. Jackson*, No. 22-2870, 2023 WL 3769242 (8th Cir. June 2, 2023), rather than *Range v. Att'y Gen.*, No. 21-2835, 2023 WL 3833404 (3d Cir. June 6, 2023) (en banc). Quiroz responds to the newly cited authority. *See* Fed. R. App. P. 28(j).

*Jackson* is unpersuasive. *First*, *Jackson* concludes that *Bruen*'s historical step is *more* permissive of firearm regulations than the old means-end scrutiny framework. 2023 WL 3769242, at *7. No other court has taken this untenable position, which ignores that historical analysis was already required pre-*Bruen*. *See New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2131 (2022) (approving of the predominant framework's first step). *Second*, *Jackson* endorses historical legislative discretion to determine who should be disarmed, in conflict with the central holding of *Bruen*. *Compare* 2023 WL 3769242, at *7, *with Bruen*, 142 S. Ct. at 2131 (rejecting judicial deference to legislatures). *Third*, *Jackson*'s historical evidence cannot be analogized to indictees and has already been rejected as broadly ahistorical or dubious by this Court. *Compare* 2023 WL 3769242, at *4–7, *with United States v. Rahimi*, 61 F.4th 443, 456–60 (5th Cir. 2023).

The Government's criticisms of *Range* are likewise unfounded. *Range* does not conflict with binding Fifth Circuit law. *Darrington* was abrogated by *Bruen*. It relied exclusively on *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001), which *Bruen*

rendered "obsolete," and specifically cited language this Court described as "means-end scrutiny *sub silentio*." *See Rahimi*, 61 F.4th at 450–51 (cleaned up); *United States v. Darrington*, 351 F.3d 632, 633–34 (5th Cir. 2003). And *Rahimi*'s citation, in dicta, to the *Range* panel opinion is not an implicit rejection of the subsequent en banc opinion. To the contrary, *Rahimi* is broadly consistent with the en banc opinion's reasoning. Lastly, the 11-to-4 opinion was not "deeply divided." And none of the judges, not even in dissent, endorsed the Government's position that the Second Amendment only applies to "law-abiding" citizens. *See* Gov't Br. 18–25. Nor did *Jackson*.

                                                                Respectfully Submitted,

                                                                MAUREEN SCOTT FRANCO
                                                                Federal Public Defender

                                                                 /S/
                                                               TIMOTHY M. SHEPHERD
                                                               Assistant Federal Public Defender

cc:    AUSAs Charles E. Fowler, Jr. and Joseph H. Gay, Jr.,
        U.S. Attorney's Office
        Western District of Texas
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216