# FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF TEXAS

**MAUREEN SCOTT FRANCO**
FEDERAL PUBLIC DEFENDER

HORATIO R. ALDREDGE
CHRISTOPHER J. CARLIN
ANTHONY J. COLTON
JOSEPH CORDOVA
LEWIS GAINOR
EDGAR H. HOLGUIN
JUDY F. MADEWELL
BIANCA ROCHA DEL RIO
REGINALDO TREJO, JR.
SUPERVISORY ASSISTANTS

FEDERAL BUILDING • HEMISFAIR PARK
727 E. CÉSAR E. CHÁVEZ BOULEVARD, SUITE B-207
SAN ANTONIO, TEXAS 78206-1278

TELEPHONE
(210) 472-6700
TOLL FREE
(855) 867-3570
FACSIMILE
(210) 472-4454

ALPINE
AUSTIN
DEL RIO
EL PASO
MIDLAND/ODESSA
PECOS
WACO

June 27, 2023

Mr. Lyle W. Cayce
Clerk, United States Court of Appeals
 for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re:   *United States v. Jose Gomez Quiroz*, No. 22-50834
      Quiroz's Response to Government's June 21, 2023 Rule 28(j) Letter

Dear Mr. Cayce:

The Seventh Circuit's decision in *United States v. Holden*, __ F.4th __, 2023 WL 4039607 (June 16, 2023), does not support reversal here.

*Holden* conducted no *Bruen* analysis and expressly declined to decide the constitutionality of § 922(n). *Id.* at *2. And its suggestion that § 922(n) is likely facially constitutional under *United States v. Salerno*, 481 U.S. 739 (1987), is foreclosed in this Court by *United States v. Rahimi*, 61 F.4th 443, 453–54 (5th Cir. 2023).

*Holden*'s holding—that lying about indictment status on a firearm purchase form is material, regardless of § 922(n)'s constitutionality, 2023 WL 4039607, at *2–3—is also unpersuasive. The Supreme Court has held only that a "claim of *unconstitutionality* will not be heard to excuse" a deliberate falsehood. *Bryson v. United States*, 396 U.S. 64, 68 (1969) (emphasis added). *Bryson* does not bar challenges to the *materiality* of a false statement. Indeed, it distinguished situations in which an element of proof—*e.g.*, materiality—depends on the validity of a question on a government form. *Id.* at 68–69. Quiroz does not argue that § 922(a)(6) is *unconstitutional*; he argues that his false statement was *immaterial*. Quiroz Br. 60–64. Not all falsehoods are material. The Government must show how the falsehood was material. *See* Quiroz Br. 63–64 (citing *United States v. Kapp*, 302 U.S. 214, 217–18 (1937)). The inherent materiality in *Kapp*—defrauding the Government of money—is not present here.

*Holden* also reasoned that the indictment question is material because an honest answer could lead the seller to discover that the individual was otherwise barred as undocumented, a felon, or a fugitive. 2023 WL 4039607, at *2. This ignores that the form already asks about these statuses. ROA.61–62. The material falsehood in such a scenario would be the person's denial of their fugitive, felon, or citizenship status.

In any event, the Government did not contemporaneously raise this argument below and cannot show plain error absent binding precedent. *See* Quiroz Br. 65–66; *see also United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009). *Holden* is not.

                                          Respectfully Submitted,

                                          MAUREEN SCOTT FRANCO
                                          Federal Public Defender

                                          /S/
                                          TIMOTHY M. SHEPHERD
                                          Assistant Federal Public Defender

cc:     AUSAs Charles E. Fowler, Jr. and Joseph H. Gay, Jr.,
        U.S. Attorney's Office
        Western District of Texas
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216