# FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF TEXAS

**MAUREEN SCOTT FRANCO**
FEDERAL PUBLIC DEFENDER

JUDY F. MADEWELL
FIRST ASSISTANT
———
CHRISTOPHER J. CARLIN | *ALPINE*
HORATIO R. ALDREDGE | *AUSTIN*
JOSEPH A. CORDOVA | *DEL RIO*
BIANCA ROCHA DEL RIO | *DEL RIO*
REGINALDO TREJO, JR. | *EL PASO*
EDGAR HOLGUIN | *EL PASO*
ANTHONY J. COLTON | *MIDLAND*
KRISTIN M. KIMMELMAN | *SAN ANTONIO*
LEWIS B. GAINOR | *WACO*
SUPERVISORY ASSISTANTS

300 CONVENT STREET
SUITE 2300
SAN ANTONIO, TEXAS 78205-1316

TELEPHONE
(210) 472-6700

TOLL FREE
(855) 867-3570

FACSIMILE
(210) 472-4454
———
ALPINE
AUSTIN
DEL RIO
EL PASO
MIDLAND
PECOS
WACO

August 15, 2023

Mr. Lyle W. Cayce, Clerk of the Court
United States Court of Appeals, Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re:   *United States v. Jose Gomez Quiroz*, Appeal No. 22-50834
      Defendant-Appellee's Rule 28(j) Letter

Dear Mr. Cayce:

This Court has held that another federal firearm prohibition in 18 U.S.C. § 922 violates the Second Amendment under *Bruen*. *United States v. Daniels*, 2023 WL 5091317 (5th Cir. Aug. 9, 2023) (holding § 922(g)(3) unconstitutional as-applied). Like *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *Daniels* forecloses many of the Government's arguments in this case.

At *Bruen*'s first step, *Daniels* held that the Second Amendment applies to "*all* Americans," not just "law-abiding, responsible citizens," as argued by the Government. *Compare* 2023 WL 5091317, at *3–4, *with* Gov't Br. 18–27. Citing *Rahimi*, *Daniels* recognized that the "mentally ill and felons" might be "exclude[d] from the discussion," but also explained such limitations generally relate to historically understood restrictions (*Bruen*'s second step) not categorical exclusions from the right (*Bruen*'s first step). 2023 WL 5091317, at *4. Regardless, Daniels, like Quiroz, was not a felon or mentally ill, so he was clearly protected by the Second Amendment. *Id.*

*Daniels* also forecloses many of the Government's second-step *Bruen* arguments. *First*, *Daniels* held there are separate "distinctly similar" and "relevantly similar" approaches for *Bruen*'s second step. *Id.* at *3, 4–5. And, unlike in *Daniels*, *id.* at *4–5, the former applies in this case because § 922(n) does not address an

"unprecedented societal concern." *See* Quiroz Br. 28–29. Thus, the Government must supply "distinctly similar" historical evidence for § 922(n), which it has not. *Compare* Quiroz Br. 27–31, *with* Gov't Reply 13–16. *Second*, even under the "nuanced approach," *Daniels* rejected the Government's reliance on the same disparate laws disarming so-called "dangerous" people that the Government relies on here. *Compare* 2023 WL 5091317, at *10–15, *with* Gov't Br. 35–42. The Government must compare a challenged law to "particular regulatory traditions instead of a general notion of 'dangerousness.'" *Daniels*, 2023 WL 5091317, at *14; *cf.* Gov't Reply 17–18. *Daniels* held that drug-users were not comparable to any of the historically disarmed categories, who were disarmed for perceived threats to the government, not generalized public harm. 2023 WL 5091317, at *14–15. The same reasoning applies here.

         Respectfully Submitted,

         MAUREEN SCOTT FRANCO
         Federal Public Defender

         /S/ Timothy M. Shepherd
         TIMOTHY M. SHEPHERD
         Assistant Federal Public Defender

cc:     AUSAs Charles E. Fowler, Jr. and Joseph H. Gay, Jr.,
        U.S. Attorney's Office
        Western District of Texas
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216