# No. 22-50834

# In the United States Court of Appeals for the Fifth Circuit

---

**United States of America,**

Plaintiff-Appellant,

v.

**Jose Gomez Quiroz,**

Defendant-Appellee.

---

On Appeal from the United States District Court
for the Western District of Texas

No. 4:22-CR-104-DC

---

**Joint Motion for Supplemental Briefing Regarding**
*United States v. Rahimi*, **No. 22-915 (U.S. June 21, 2024)**

---

The parties respectfully request leave to file supplemental briefs addressing the impact of the Supreme Court's decision in *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (June 21, 2024), on this appeal.

Defendant-Appellee Quiroz was charged with buying a gun while under felony indictment, *see* 18 U.S.C. § 922(n), and lying about his status as an indicted defendant in connection with the purchase, *see id.* § 922(a)(6). The district court ruled that § 922(n) facially violates the Second Amendment. It also ruled that because Quiroz could not be constitutionally

1

prohibited from buying a gun based on his indictments, he could not be prosecuted for lying about them. The district court thus dismissed both charges. The government challenges these rulings on appeal.

On June 21, 2024, the Supreme Court decided another Second Amendment case, *Rahimi.* In its opinion, the Court observed that "some courts have misunderstood the methodology of our recent Second Amendment cases," 2024 WL 3074728, at *6, and expounded on that methodology and its underlying principles, *id.* at *6–11. It applied those principles and its precedents to hold that 18 U.S.C. § 922(g)(8), which prohibits an individual subject to certain domestic-violence orders from possessing a firearm, is consistent with the Second Amendment. *Id.* at *5, *11.

Additional briefing to address *Rahimi* is warranted so that the parties can best assist the Court in resolving this appeal. As explained above, *Rahimi* provides valuable guidance on the appropriate methodology for determining whether a particular statutory prohibition on firearms is constitutional. *Rahimi* also clarifies the standard for resolving facial challenges to a statute. 2024 WL 3074728, at *11 & n.2.

The parties respectfully request that the Court order briefing to proceed on the following schedule: (1) Appellant's supplemental brief due 45 days after the order on this motion is entered; (2) Appellee's supplemental brief due 30 days after Appellant's supplemental brief is filed; and (3) Appellant's reply due 14 days after Appellee's supplemental brief is filed. This schedule will enable the parties to prepare briefs that will best assist the

Court in resolving this appeal, which addresses a complex constitutional issue of great public importance. Quiroz was released from detention after the district court dismissed the charges; thus, additional briefing does not affect his imprisonment. The U.S. Attorney's Office and Federal Public Defender's office have numerous other pending appeals affected by *Rahimi* that may also require attention during this period. Finally, the requested briefing schedule would give the U.S Attorney's Office time to coordinate with other Department of Justice components.

## Conclusion

For these reasons, the parties jointly request that this Court grant them leave to submit supplemental briefing in this appeal. The parties further request that the Court enter the following briefing schedule: (1) Appellant's supplemental brief due 45 days after the order on this motion is entered; (2) Appellee's supplemental brief due 30 days after Appellant's supplemental brief is filed; and (3) Appellant's reply due 14 days after Appellee's supplemental brief is filed.

Respectfully submitted,

| | |
|---|---|
| Jaime Esparza<br>United States Attorney | Maureen Scott Franco<br>Federal Public Defender<br>Western District of Texas |
| */s/ Stephanie F. Cagniart*<br>Stephanie F. Cagniart<br>Assistant United States Attorney<br>903 San Jacinto Blvd, Ste 334<br>Austin, Texas 78701<br>(512) 839-5180<br>stephanie.cagniart@usdoj.gov | */s/ Kristin M. Kimmelman*<br>Kristin M. Kimmelman<br>Assistant Federal Public Defender<br>300 Convent Street, Suite 2300<br>San Antonio, Texas 78205<br>Tel.: (210) 472-6700<br>Fax: (210) 472-4454<br>Kristin_Kimmelman@fd.org |
| Attorney for Appellant | Attorney for Appellee |

## Certificate of Service

I certify that on June 24, 2024, I filed this motion through this Court's electronic case-filing system, which will serve it on all registered counsel.

*/s/ Stephanie F. Cagniart*
Stephanie F. Cagniart
Assistant United States Attorney

\* \* \*

## Certificate of Compliance

I certify that

(1) this document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 490 words; and

(2) this document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word in Calisto MT font, size 14.

*/s/ Stephanie F. Cagniart*
Stephanie F. Cagniart
Assistant United States Attorney
