# FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF TEXAS

MAUREEN SCOTT FRANCO
FEDERAL PUBLIC DEFENDER

JUDY F. MADEWELL
FIRST ASSISTANT

CHRISTOPHER J. CARLIN | *ALPINE*
HORATIO R. ALDREDGE | *AUSTIN*
BIANCA ROCHA DEL RIO | *DEL RIO*
REGINALDO TREJO, JR. | *EL PASO*
EDGAR HOLGUIN | *EL PASO*
ANTHONY J. COLTON | *MIDLAND*
KRISTIN M. KIMMELMAN | *SAN ANTONIO*
LEWIS B. GAINOR | *WACO*
SUPERVISORY ASSISTANTS

300 CONVENT STREET
SUITE 2300
SAN ANTONIO, TEXAS 78205-3744

TELEPHONE
(210) 472-6700

TOLL FREE
(855) 867-3570

FACSIMILE
(210) 472-4454

ALPINE
AUSTIN
DEL RIO
EL PASO
MIDLAND
PECOS
WACO

October 25, 2024

Mr. Lyle W. Cayce
Clerk, United States Court of Appeals
 for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

        **Re: United States v. Quiroz,**
        **Appeal No. 22-50834**
        **Response to Rule 28(j) Letter**

Dear Mr. Cayce:

      The government advised the Court about *United States v. Gore*, which held that 18 U.S.C. § 922(n) is facially constitutional. 2024 WL 4441472, *4–6 (6th Cir. Oct. 8, 2024). *Gore* holds that indictees are among "the people," *id*. at *4, but its faulty historical analysis is unpersuasive for both Quiroz's facial and as-applied challenges.

      *Gore*'s broad analogical reasoning impermissibly waters down the Second Amendment right. *Gore* determines that § 922(n) is comparable to founding-era pretrial detention because both promote "public safety" and "the criminal process." *Id*. at *4. This overly general "why" is accompanied by a disparate "how." Even though § 922(n) prohibits firearm receipt upon *any* felony indictment, *Gore* relies on founding-era mandatory pretrial detention, *id*. at *5, which applied in drastically narrower circumstances.

      *Gore* mistakenly concludes that, at ratification, "most jurisdictions effectively required pretrial detention in serious cases." *Id*. at *5–6. But only half the Nation required detention, and only for "serious crimes." *Id*. at *4

(citing Funk & Mayson, *Bail at the Founding*, 137 Harv. L. Rev. 1816, 1842–43 (2024)). The other half provided a right to bail for all offenses except capital crimes, for which detention was *discretionary*, not mandatory. Funk 1843. This capital-crimes exception was limited. Most offenses were not capital, and even capital defendants frequently received bail. Quiroz Supp. Br. 9–15 (May 2023). While some jurisdictions later required detention upon capital indictment, such indictments generally required more proof than today's probable cause. *Id.* at 15–16.

      Even under *Gore*'s flawed reasoning, § 922(n) is unconstitutional as applied to Quiroz. Burglary was bailable—unless "the defendant had been caught in the act or confessed." Funk 1832; *see* 1 Chitty, Practical Treatise on the Criminal Law 65 (1819). And burglary—especially with intent to take a gardening tool, ROA.55—was generally *not* a capital offense. Quiroz Supp. *Rahimi* Br. 18–19 (July 2024); *see, e.g.*, Pennsylvania Ch. MDV (Act of Apr. 5, 1790) (maximum 10 years); A Collection of All Such Acts of the General Assembly of Virginia 356 (1803) (Act of Dec. 15, 1796) (same).

                                      Respectfully submitted,

                                      MAUREEN SCOTT FRANCO
                                      Federal Public Defender

                                      /s/ Kristin M. Kimmelman
                                      KRISTIN M. KIMMELMAN
                                      Supervisory
                                      Assistant Federal Public Defender

CC:    AUSAs Stephanie F. Cagniart and Joseph H. Gay, Jr. (via CM/ECF)